UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

JERRY D. ANDERSON and                                          Chapter 7
MELISSA A. ANDERSON

Debtors.                                          Bankruptcy No. 06-00047S


ORDER RE MOTION TO EXTEND TIME
ORDER DISMISSING CASE

Debtors Jerry D. and Melissa A. Anderson ask the court to exempt them from the requirement that they obtain a briefing from an approved nonprofit budget and credit counseling agency during the 180-day period preceding the date of filing bankruptcy.

Andersons filed their joint chapter 7 petition on February 2, 2006 (docket no. 1). They did not file a certificate from an approved nonprofit budget and credit counseling agency describing the services provided to the debtors. This certificate must be filed with the court pursuant to 11 U.S.C. § 521(b). Such a certification is intended to show that the debtors have met the pre-bankruptcy credit counseling requirements necessary for individual debtor eligibility under 11 U.S.C. § 109(h)(1).

Section 109(h)(3)(A) provides that the court, for a period of time, may exempt debtors from the pre-bankruptcy counseling requirement under certain circumstances. It states:

> [T]he requirements of paragraph [109(h)](1) shall not apply with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

    (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and

    (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). The certification of the counseling agency or the certification seeking temporary exemption from the counseling requirement must be filed at the time the bankruptcy petition is filed. Interim Rules 1007(b)(3) and 1007(c), Federal Rules of Bankruptcy Procedure.

    On February 2, 2006, Andersons' attorney filed a certification by Melissa Anderson as part of a motion seeking the temporary exemption. In support of the motion, Melissa Anderson certified the following facts:

> (1) In anticipation of filing bankruptcy, the Debtors contacted Consumer Credit Counseling Service, 520 South Pine St., Suite 202, Mason City, IA 50401 on or about January 26, 2006 for the purpose of obtaining credit counseling prior to a scheduled appointment with undersigned counsel on February 2, 2006.
>
> (2) Consumer Credit Counseling Service informed Debtor Melissa A. Anderson that due to its case load, it could not provide the requested counseling until the week of February 20, 2006.
>
> (3) Due to Debtor Melissa A. Anderson's recent loss of employment, the Debtors currently have a net monthly [income] of $1,834.00, before garnishment which are currently being taken from Debtor Jerry Anderson's pay checks.
>
> (4) The Debtors have net monthly expenses of $2,258.00.
>
> (5) Due to garnishments, approximately $400.00 per month is currently being taken from the Debtors' net

2

monthly income of $1,834.00. Motion to Extend (doc. 4).

I construe 11 U.S.C. § 109(h)(3)(A) to provide that the certification must be made by a filing debtor. In re DiPinto, ___ B.R. ___, 2006 WL 213721 at *2 (Bankr. E.D. Pa. Jan. 30, 2006). It may not be made by debtor's attorney. Nor may it be made by a co-debtor spouse. Jerry Anderson has not filed certification of a counseling agency or a certification seeking temporary exemption from the requirement. It seems odd that he did not sign the certification signed by Melissa. The motion states that the debtors had an appointment with their attorney on February 2. Jerry signed the petition on that date. He offers no justification whatever for his failure to certify exigent circumstances or his attempt to obtain counseling. His case will be dismissed.

Melissa Anderson filed a verification of the motion, which satisfies the requirement of a certification. However, her certification fails to meet the requirement of 11 U.S.C. § 109(h)(3)(A)(i) as to exigent circumstances. Black's Law Dictionary defines "exigent circumstances" as "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures." Black's Law Dictionary 260 (8th ed. 2004). The circumstances must merit waiver of the counseling requirement. 11 U.S.C. § 109(h)(3)(A)(i).

The circumstances described by Melissa Anderson are that she lost her job; Jerry's monthly net income is $1,834.00 before

3

garnishment; the family's monthly expenses total $2,258.00; Jerry's income is being garnished at the rate of $400.00 per month. Motion, ¶¶ 3-5.

The court interprets the statements as explaining that the family's expenses are greater than Jerry's net income and that garnishment of his wages is making matters worse. However, the statement fails to state when Jerry's wages are paid or when the garnishments are effective. Without this information, I cannot find that her circumstances are exigent. If Jerry is paid on the first of each month, and his wages have been garnished for February and will not be garnished again until March 1, there would be no need to exempt Melissa from the counseling requirement, because the agency has informed her that counseling could take place the week of February 20. I cannot determine that there are exigent circumstances based on the paucity of information in the certification.

Perhaps more to the point, there may be no exigent circumstances that can be solved by exempting Melissa from pre-filing counseling. It is Jerry's wages that are being garnished. Melissa is unemployed. Jerry has failed to file a certification of an approved agency or a certification supporting exemption, and, as stated, his petition will be dismissed. If I approve an exemption for Melissa, it is doubtful that her bankruptcy would prevent the garnishing creditors from garnishing Jerry's wages. Melissa may be in a difficult financial situation, but it seems to me that I should

4

not exempt her from the pre-bankruptcy counseling requirement if the filing of her petition, without counseling, does not ameliorate or solve the exigent circumstances which she offers as the basis for the exemption.

I understand that a continued garnishment, under debtor's alleged financial situation, may cause her difficulty. Because Melissa's wages are not being garnished, I do believe I need to determine the issue of whether a wage garnishment in all circumstances qualifies as an exigent circumstance within 11 U.S.C. § 109(h)(3)(A)(i). This is especially so because in many cases the garnished funds may be recoverable and exempted by a debtor. See 11 U.S.C. §§ 522(h) and (i).

Because debtors have failed to obtain credit counseling within the 180-day period prior to filing their petition and have failed to show exigent circumstances justifying exemption from the counseling requirement, I conclude debtors are ineligible to be chapter 7 debtors and their petition should be dismissed.

IT IS ORDERED that the bankruptcy petition of Jerry D. Anderson and Melissa A. Anderson is dismissed. Judgment shall enter accordingly.

DATED AND ENTERED  February 6, 2006              .

William L. Edmonds, Bankruptcy Judge

5